324 So.2d 798

**Norris Lee FLOYD**

v.

**STATE.**

**4 Div. 382.**

Court of Criminal Appeals of Alabama.

Dec. 9, 1975.

T. R. Ward, Abbeville, for appellant.

William J. Baxley, Atty. Gen., and Jane Le Croy Robbins, Asst. Atty. Gen., for the State, appellee.

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

Appellant-defendant, an indigent at nisi prius with the same appointed counsel here and below, was convicted of rape by a jury and punishment was fixed at 50 years imprisonment.

It appears that the alleged rape occurred in the nighttime, at a truck-stop in Henry County. The victim and another female were employed there to dispense gas and oil and to serve food to customers.

The defendant and two other blacks stopped and obtained sandwiches, left, and then later came back and sought to purchase sandwiches again.

The alleged rape occurred on the second visit when, after asking for food service again, each of the customers brandished a pistol and by means of threats and force, each had sexual intercourse with the females. The evidence shows that appellant had sexual intimacy with the victim who is named in the indictment. Evidence was not admitted as to what happened after all five left the premises. The victim of the rape committed by defendant wound up in the hospital. As to what happened to the other woman, the record is silent. We omit unsavory details. The case of another of the three rapists is *O'Neal v. State*, 4th Div. 383, affirmed, October 21, 1975.

While in the hospital the victim was shown 18 photographs of different suspects. She identified defendant from one of the photographs. These photographs were in court and shown counsel for defendant. Counsel cross-examined the victim with reference to them.

Also it is clear that the victim, during both times that defendant and the other two came to the truck-stop, had ample opportunity to view the defendant; hence, she was able to identify the photographs and also make an in-court identification.

It is true that the photograph of defendant showed a number that indicated he was under arrest for some offense when the picture was taken. As we view the evi-

dence other photographs in the group also had numbers.

Appellant contends that the number on the defendant's photograph "was so unpermissibly suggestive so as to give rise to a very substantial likelihood of irreparable misidentification."

We cannot agree with this contention. As we noted above, other photographs among the 18 shown the witness, also bore numbers. Notwithstanding these multiple numbers, the witness was able to identify the defendant.

The observations of Justice Powell, concurred in by a majority of the Supreme Court of the United States, in *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401, have pertinent significances and applicability hereto. We quote:

"Some general guidelines emerge from these cases as to the relationship between suggestiveness and misidentification. It is, first of all, apparent that the primary evil to be avoided is 'a very substantial likelihood of irreparable misidentification.' *Simmons v. United States*, 390 U.S. [377]. at 884, 88 S.Ct. [967]. at 971, [19 L.Ed.2d 1247]. While the phrase was coined as a standard for determining whether an in-court identification would be admissible in the wake of a suggestive out-of-court identification, with the deletion of 'irreparable' it serves equally well as a standard for the admissibility of testimony concerning the out-of-court identification itself. It is the likelihood of misidentification which violates a defendant's right to due process, and it is this which was the basis of the exclusion of evidence in *Foster*. [*Foster v. California*, 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed.2d 402]. . . . (Bracketed matter added.)

"We turn, then, to the central question, whether under the 'totality of the circumstances' the identification was reliable even though the confrontation procedure was suggestive. As indicated by our cases, the factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation. . . . " 409 U.S. 188 at 198–200, 93 S.Ct. 375 at 381, 34 L.Ed.2d 401 at 410–411.

We think that the victim's likelihood of misidentification under the total circumstances was minimal, and the identifying evidence thereof was free of error. *Wilson v. State*, Court of Criminal Appeals, 1975, 56 Ala.App. ——, —— So.2d ——.

The judgment of guilt is affirmed.

The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, Supernumerary Circuit Judge serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Affirmed.

All the Judges concur.